1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA

10

11   BIENVENIDA VILORIA,                          No.  2:16-cv-00314-TLN-KJN

12                  Plaintiff,

13          v.                                     **ORDER DENYING PLAINTIFF'S
                                                   MOTION FOR REMAND**
14   ADAMS & ASSOCIATES, INC.,

15                  Defendant.

16

17          This matter is before the Court pursuant to Plaintiff Bienvenida Viloria's ("Plaintiff")

18   Motion for Remand to State Court.  (ECF No. 10.)  Defendant Adams & Associates, Inc.

19   ("Defendant" or "Adams") opposes Plaintiff's motion.  (Opp'n, ECF No. 13.)  The Court has

20   carefully considered the arguments raised by the parties' briefing.  For the following reasons,

21   Plaintiff's Motion for Remand to State Court (ECF No. 10) is DENIED.

22          **I.      FACTUAL AND PROCEDURAL BACKGROUND**

23          This is an employment claim brought by Plaintiff against her former employer, Defendant

24   for claims under California's Fair Employment and Housing Act ("FEHA").  Plaintiff filed this

25   action with the Superior Court of the State of California for the County of Sacramento on

26   December 22, 2015.  Plaintiff's Complaint alleges the following causes of action: (1) age

27   discrimination; (2) disability discrimination; (3) race and color discrimination; (4) religious

28   discrimination; (5) wrongful termination; (6) retaliation; (7) failure to prevent discrimination;

1

1    (8) failure to accommodate; (9) failure to engage in the interactive process; and (10) intentional

2    infliction of emotional distress.  (Compl., ECF No. 1-1.)  On February 12, 2016, Defendant

3    removed this action to the United States District Court, Eastern District of California, alleging

4    diversity jurisdiction pursuant to 28 U.S.C. sections 1332 and 1441(b).  (Not. of Removal, ECF

5    No. 1.)  Plaintiff filed the instant motion asserting that Defendant has not met its burden in

6    showing diversity, specifically that Defendant is domiciled in Nevada and not California.  (ECF

7    No. 10 at 3.)

8         **II.     LEGAL STANDARD**

9         A civil action brought in state court, over which the district court has original jurisdiction,

10   may be removed by the defendant to federal court in the judicial district and division in which the

11   state court action is pending.  28 U.S.C. § 1441(a).  The district court has original jurisdiction

12   over civil actions between citizens of different states in which the alleged damages exceed

13   $75,000.  28 U.S.C. § 1332(a)(1).  The party asserting federal jurisdiction bears the burden of

14   proving diversity.  *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest*

15   *Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)).  Diversity is determined as of the time the complaint

16   is filed and removal effected.  *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131

17   (9th Cir. 2002).  Removal statutes are to be strictly construed against removal.  *Gaus v. Miles,*

18   *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

19        The amount in controversy is determined by reference to the complaint itself and includes

20   the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract.

21   *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).  Where the complaint does not

22   pray for damages in a specific amount, the defendant must prove by a preponderance of the

23   evidence that the amount in controversy exceeds $75,000.  *Singer v. State Farm Mut. Auto. Ins.*

24   *Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d

25   398, 404 (9th Cir. 1996)).  If the amount is not facially apparent from the complaint, the Court

26   may "require parties to submit summary-judgment-type evidence relevant to the amount in

27   controversy at the time of removal."  *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326,

28   1335–56 (5th Cir. 1995).

2

1    Removal based on diversity requires that the citizenship of each plaintiff be diverse from

2  the citizenship of each defendant (i.e. complete diversity).  *Caterpillar Inc. v. Lewis*, 519 U.S. 61,

3  68 (1996).  For purposes of diversity, a limited liability company (LLC) is a citizen of every state

4  in which its "owners/members" are citizens.  *Johnson v. Columbia Prop. Anchorage, LP*, 437

5  F.3d 894, 899 (9th Cir. 2006) (explaining that courts are to treat LLCs like partnerships, which

6  have the citizenships of all of their members).  A corporation is a citizen of any state in which it is

7  incorporated and any state in which it maintains its principal place of business.  28 U.S.C. §

8  1332(c)(1).

9    **III.    ANALYSIS**

10    Here it is undisputed that Plaintiff is a citizen of California and that the amount in

11  controversy exceeds $75,000.  Thus, the Court is left to determine Defendant's citizenship in

12  order to decide whether the parties are diverse.  Plaintiff contends that Defendant's Notice of

13  Removal is insufficient because Defendant has not provided the required information to

14  determine its corporate citizenship, such as: "(1) the number of employees it has in each state; (2)

15  the percentage of its sales originating in each state; and (3) the percentages of its assets held in

16  each state."  (ECF No. 10 at 7.)  Defendant argues that Plaintiff has applied the wrong legal test

17  for corporation citizenship and asserts that it is a citizen of Nevada.  (ECF No. 13 at 2–3.)  This

18  Court agrees.

19    "The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to

20  be a citizen of any State by which it has been incorporated and of the State where it has its

21  principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. §

22  1332(c)(1)).  The Supreme Court has concluded that "the phrase 'principal place of business'

23  refers to the place where the corporation's high level officers direct, control, and coordinate the

24  corporation's activities.  Lower federal courts have often metaphorically called that place the

25  corporation's nerve center.'" *Id.* at 80–81.

26    Defendant is a corporation organized and existing under the laws of the State of Nevada

27  and has been since September 25, 1990.  (*See* Decl. of Tiffinay Pagni in Supp't of Def's Opp'n,

28  ECF No. 13-1 at ¶ 2.)  Defendant holds annual stockholder and Board of Directors meetings,

3

1   usually in the first quarter of the year, as well as Defendant's twice-annual meetings for its Job

2   Corps Center Directors during which Directors meet with corporate staff for training, evaluation

3   and strategic planning.  (ECF No. 13-1 at ¶ 2.)  These meetings take place at Defendant's

4   corporate office in Reno.  (ECF No. 13-1 at ¶ 2.)  As for Defendant's high level officers,

5   Defendant alleges as follows:

> All but one of Adams' top executives are based out of the Reno office, including President Roy Adams, Secretary and Vice President of Administration Leslie Adams, Treasurer and Executive Director Dan Norem, Vice President of Finance Magdalena Cleveland, Vice President of Information Technology Dino Cabal and [General Counsel and Vice President of Human Resources, Tiffinay Pagni].  The single exception, President of Operations Susan Larson, currently resides in Maryland but spends 30 percent of her time at the Reno office.  Ms. Larson has purchased a home in Reno and will soon relocate there permanently.

12  (ECF No. 13-1 at ¶ 4.)  Defendant further alleges that although each of Defendant's Job Corps

13  Centers has its own local administrative departments for day-to-day operations, "policy decisions

14  for the entire company are made by the executives resident in the Reno corporate office.  All job

15  descriptions, personnel policies, employee terminations, benefits plans, retirement plans and

16  insurance policies are reviewed and approved in the Reno corporate office."  (ECF No. 13-1 at ¶

17  3.)  The Court finds that these facts are sufficient to support removal because Defendant is

18  incorporated in Nevada and has its principle place of business in Nevada.

19        **IV.**   **CONCLUSION**

20        For the foregoing reasons, the Court finds that Defendant has met its burden of showing

21  that the parties are diverse within the meaning of 28 U.S.C. § 1332.  As such, Plaintiff's Motion

22  for Remand to State Court (ECF No. 10) is hereby **DENIED**.

23        IT IS SO ORDERED.

24

25  Dated: July 22, 2016

26

27                                          _____
                                           Troy L. Nunley
28                                          United States District Judge

                              4