UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIENVENIDA VILORIA,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>Defendant. | No. 2:16-cv-00314-TLN-KJN<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion for Judgment on the Pleadings. (ECF No. 19.) Plaintiff Bienvenida Viloria ("Plaintiff") opposes the motion. (ECF No. 20.) Defendant has filed a reply. (ECF No. 21.) For the reasons discussed below, the Court hereby GRANTS in part and DENIES in part Defendant's Motion for Judgment on the Pleadings (ECF No. 19).

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges she was hired in 2004 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility that offers assistance to at-risk young adults. (ECF No. 19-1 ¶¶ 9, 10.) Plaintiff states she generally worked the graveyard shift and describers her duties as counseling students and maintaining clean and safe living conditions. (ECF No. 19-1 ¶ 11.) Plaintiff alleges during her tenure she had no disciplinary history and worked "with support and praise from her supervisors for many years." (ECF No. 19-1 ¶ 12.) Plaintiff states

1

she is a "dark-skinned, Asian American of Filipina descent," over 40 years old, who was diagnosed with diabetes, and was "an active of her labor union, the California Federation of Teachers Union ("CFT")." (ECF No. 19-1 ¶¶ 13, 33, 41, & 53.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 19-1 ¶ 14.) Plaintiff alleges Defendant announced "it would evaluate and interview [SJCC] employees to continue in their positions." (ECF No. 19-1 ¶ 15.) Plaintiff alleges she interviewed for her position and Defendant rehired her "to continue as a Residential Advisor in March 2014." (ECF No. 19-1 ¶ 16.) Plaintiff alleges that after Defendant rehired her, she notified Defendant "she was religious and often used her break periods as a time to pray." (ECF No. 19-1 ¶ 17.)

Plaintiff alleges that in July 2014, Plaintiff's supervisor accused her of sleeping during a shift. (ECF No. 19-1 ¶ 18.) Plaintiff alleges she was actually praying at the time. (ECF No. 19-1 ¶ 18.) Plaintiff alleges she informed Defendant she had not been sleeping and was aware of a single incident where her supervisor observed her "at her desk with her eyes closed for approximately one minute." (ECF No. 19-1 ¶19.) Plaintiff alleges she explained "her eyes were closed for a brief period because it was part of her well-known practice to pray each night during her break periods" and "she had acknowledged her supervisor's presence immediately" and so could not have been asleep. (ECF No. 19-1 ¶¶ 20–21.)

Plaintiff alleges Defendant then immediately terminated her employment. (ECF No. 19-1 ¶ 22.) Plaintiff alleges Defendant terminated her employment "without any written warning or opportunity to advance through progressive discipline." (ECF No. 19-1 ¶ 23.) Plaintiff alleges this termination process was "handled incorrectly under the terms of the collective bargaining agreement with CFT." (ECF No. 19-1 ¶ 24.) Plaintiff alleges after Defendant terminated her she discovered Defendant was hiring "employees with equal or lesser experience…for similar Advisor positions[.]" (ECF No. 19-1 ¶ 25.)

On December 22, 2015, Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 19-1 at 4.) Defendant answered the complaint and then removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1 at 1; ECF No. 1-1 at 27–36.) Defendant moves for judgment on the pleadings for failure to state a claim. (ECF No. 19 at 8.)

Plaintiff alleges claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law, including: (i) age, race and color, disability, and religious discrimination in violation of California Government Code § 12940; (ii) wrongful termination in violation of public policy; (iii) retaliation in violation of California Government Code § 12940(h); (iv) failure to prevent discrimination in violation of California Government Code §12940(k); (v) failure to accommodate in violation of California Government Code § 12940(m); (vi) failure to engage in the interactive process in violation of California Government Code § 12940(n), and; (vii) intentional infliction of emotional distress. (ECF No. 19-1 at 7–18.)

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(c) provides "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The issue presented by a Rule 12(c) motion is substantially the same as that posed in a 12(b) motion — whether the factual allegations of the complaint, together with all reasonable inferences, state a plausible claim for relief. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054–1055 (9th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

In analyzing a 12(c) motion, the district court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Ventress v. Japan Airlines*, 603 F.3d 676, 681 (9th Cir. 2010) (citations omitted).

A judgment on the pleadings is not appropriate if the Court "goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment."

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989); Fed. R. Civ. P. 12(d). A district court may, however, "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice — without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

"While Rule 12(c) of the Federal Rules of Civil Procedure does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Strigliabotti v. Franklin Res., Inc.,* 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005) (citing *Moran v. Peralta Cmty. Coll. Dist.,* 825 F. Supp. 891, 893 (N.D. Cal. 1993)). Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg v. City of Riverside,* 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004); *Carmen v. S.F. Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997).

**III.   ANALYSIS**

Defendant argues Plaintiff fails to plead sufficient facts to support any of her claims. (ECF No. 19 at 8.) The Court will discuss each claim in turn.

      A.   <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against her because of her age, race and color, disability, and religion. (ECF No. 19-1 ¶¶ 34, 46, 55 & 64.) Defendant argues Plaintiff makes only conclusory, boilerplate allegations, and does not allege facts sufficient to show grounds for relief or to demonstrate that any of the protected characteristics Plaintiff claims were factors in Defendants decisions. (ECF No. 19 at 11.) Plaintiff states generally that all of her claims are sufficiently stated and her factual allegations are sufficient. (ECF No. 20 at 6.)

FEHA prohibits an employer from discriminating against an employee because of age, race, color, medical condition, disability, or religious creed. CAL. GOV'T CODE § 12940(a). To state a claim for discrimination under FEHA, a plaintiff must show: (i) she was a member of a protected class; (ii) she was performing competently in the position she held; (iii) she suffered an adverse employment action; and (iv) the employer acted with a discriminatory motive. *Ayala v.*

*Frito Lay, Inc.*, 2017 WL 2833401, at \*7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013); *Guz v. Bechtel Nat'l., Inc.*, 24 Cal. 4th 317, 355 (2000)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

Plaintiff alleges she was a member of several protected classes because she was over 40 years old, diagnosed with diabetes, "dark-skinned, Asian American of Filipina descent," who prayed on her breaks. (ECF No. 19-1 ¶¶ 33, 41, 53, & 63.) Plaintiff alleges Defendant discriminated against her because of her age, race and color, disability, and religion by wrongfully terminating her employment, failing to engage in the interactive process, and failing to prevent discrimination and retaliation against her, all because of her protected characteristics. (ECF No. 19-1 ¶¶ 34, 46, 55, & 64.)

> i. *Age, Race and Color Discrimination*

Plaintiff alleges she is "a dark-skinned Asian American of Filipina descent," over 40 years old, and Defendant discriminated against her because of her age, race and color. (ECF No. 19-1 ¶¶ 33–34, 53–55.) Plaintiff's allegations Defendant acted because of her age, race or color, are recitations of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts related to her age, race or color, and so does not allege facts sufficient to support a reasonable inference Defendant acted *because* of her age, race or color. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding an African American plaintiff stated a case for failure to promote based on race by showing rather than filling the position by promoting any of the interviewees, the employer transferred a white manager into the position).

Plaintiff has not met the fourth element of her discrimination claims for age, race and color, so the Court need not analyze the other elements. Accordingly, the Court GRANTS

Defendant's motion for judgment on the pleadings as to Plaintiff's claims for discrimination based on age, race and color.

### ii.     *Religious Discrimination*

In her general factual allegations Plaintiff alleges facts related to both her religion and her termination. Plaintiff alleges Defendant's stated reason for terminating her was a single incident of alleged sleeping on the job, but that she was on her break at the time of the incident and she informed Defendant of this when she was fired. (ECF No. 19-1 ¶¶ 18–20.) Plaintiff alleges she explained to Defendant she closed her eyes to pray during her break consistent with her regular habit and that at the time of the incident she acknowledged her manager immediately showing she was praying and not asleep. (ECF No. 19-1 ¶¶ 20–21.) Plaintiff also alleges Defendant fired her without the written warnings or progressive discipline provided for "under the terms of the collective bargaining agreement with CFT." (ECF No. 19-1 ¶¶ 23–24.)

Plaintiff alleges she informed Defendant she was religious and that she used her breaks to pray. (ECF No. 19-1 ¶ 17.) The Court can infer that Defendant was aware Plaintiff was religious and used her breaks to pray. Plaintiff alleges she performed the job duties of Residential Advisor from 2004 to 2014 and was re-hired into that role after interviewing with Defendant in 2014, and she had no disciplinary history and was praised by her supervisors. (ECF No. 19-1 ¶¶ 9, 12, 16.) The Court can infer Plaintiff was performing competently in the Residential Advisor job. Plaintiff alleges Defendant fired her in July 2014, (ECF No. 19-1 ¶¶ 18, 22), adequately alleging she suffered an adverse employment action. Plaintiff's allegations regarding her termination — that Defendant fired her for sleeping on the job when she was not on the job but on a break, she was known to pray on her breaks, she explained this to Defendant at the time, and Defendant made no effort to investigate this discrepancy — support a plausible inference that Defendant acted with a discriminatory motive and may have made the decision to fire Plaintiff based on Plaintiff's religion. *Achal*, 114 F. Supp. 3d at 801–02.

Plaintiff's factual allegations go beyond recitation of the elements and, taken as true, state grounds showing she is plausibly entitled to relief. Accordingly, the Court DENIES Defendant's motion for judgment on the pleadings as to Plaintiff's claim for discrimination based on religion.

### iii. Disability Discrimination

FEHA prohibits an employer from discriminating against an employee because of the employee's disability. CAL. GOV'T CODE § 12940(a). To state a claim for disability discrimination under FEHA, a plaintiff must show she (1) suffered from a disability, or was regarded as suffering from a disability; (2) could perform the essential duties of the job with or without reasonable accommodations; and (3) was subjected to an adverse employment action because of the disability or perceived disability." *Mohsin v. California Dep't of Water Res.*, No. 2:13-CV-01236-TLN-EFB, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016) (citing *Alsup v. U.S. Bancorp*, No. 2:14-CV-01515-KJM-DAD, 2015 WL 6163453, at *4 (E.D. Cal. Oct. 2015)).

Plaintiff alleges she suffered from diabetes, Defendant knew she suffered from diabetes, and Defendant wrongfully terminated her due to her medical condition and failed to engage in the interactive process. (ECF No. 19-1 ¶¶ 45–46.) Plaintiff alleges she "would have been able to perform the essential function of her position . . . had Defendant provided her with [] reasonable accommodations[.]" (ECF No. 19-1 ¶ 42.) Plaintiff's allegations are recitations of elements. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant acted *because* of her medical condition or any disability. *Cf. Achal*, 114 F. Supp. 3d at 797–98.

Plaintiff has not alleged facts sufficient to support a plausible inference her employment was terminated because of her medical condition or perceived disability to meet the third element of her claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's disability discrimination claim.

### B. Wrongful Termination in Violation of Public Policy

Plaintiff alleges Defendant wrongfully terminated her employment by firing her because of her age, race and color, medical condition, religion, and union affiliation, based on a "pretextual allegation." (ECF No. 19-1 ¶¶ 26, 73.) Plaintiff alleges Defendant fired her and "denied Plaintiff due process and union protection under the terms of the collective bargaining agreement." (ECF No. 19-1 ¶¶ 73–74.) Defendant argues Plaintiff's claim related to her union activity is preempted and the remainder of her claim fails because it depends on Plaintiff's discrimination claims which Defendant argues are deficient. (ECF No. 19 at 12–13.)

### i. *National Labor Relations Act ("NLRA") Preemption*

In cases which involve either an actual or an arguable violation of either Section 7 or 8 of the NLRA, both the states and the federal courts must defer to the "exclusive competence" of the National Labor Relations Board ("NLRB"). *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 742 (1988) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245 (1959)). NLRA Section 7 protects employees' rights to join labor unions, collectively bargain, and engage in other activities for purposes of mutual aid. 29 U.S.C. § 157. NLRA Section 8 prevents employers from engaging in unfair labor practices or interfering with employees' rights to join labor unions and bargain collectively. 29 U.S.C. § 158.

Plaintiff's claim for wrongful termination based on Plaintiff's active union membership, if proven, would constitute a violation of the NLRA and is subject to *Garmon* preemption. *Clayton v. Pepsi Cola Bottling Grp.*, Civ. A. No. CV85-5957-WMB, 1987 WL 46230, at *7 n.1 (C.D. Cal. Mar. 3, 1987). Plaintiff argues Defendant had multiple illegal reasons for firing her, and *Garmon* preemption should not apply to her *entire* wrongful termination claim, which includes allegations of public policy violations outside NLRB's jurisdiction. (ECF No. 20 at 7–9) (citing *Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1308–09 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (holding a court retains jurisdiction over wrongful termination claims based on mixed motives, if some motives were not even arguably unrelated to unfair labor practices).

Plaintiff's claims for wrongful termination based on age, race or color, medical condition, or religion are not arguably related to violations of either Section 7 or 8 of NLRA, which protect union activities. The scheme of civil protection set out in FEHA is the type of interest "deeply rooted in local feeling and responsibility" NLRA does not deprive the states of the power to act on. *See Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 196 (1978); *Carter v. Smith Food King*, 765 F.2d 916, 921 n.6 (9th Cir. 1985).

Accordingly, Plaintiff's claim for wrongful termination based on union membership is preempted by NLRA, but Plaintiff's claim for wrongful termination in violation of public policy based on Plaintiff's age, race or color, medical condition, or religion is not preempted.

///

### ii. Pleading Adequacy of Plaintiff's Wrongful Termination Claim

"An employer may not discharge an at will employee for a reason that violates fundamental public policy." *Keshe v. CVS Pharmacy Inc.*, No. 2:14-CV-08418-CAS-MANX, 2016 WL 1367702, at *4 (C.D. Cal. Apr. 5, 2016) (citing *Stevenson v. Super. Ct. of Los Angeles Cnty*, 16 Cal. 4th 880, 887 (1997)). "This rule extends to apply when an employer's right to discharge an employee is governed by a [collective bargaining agreement]." *Wright v. Thrifty Payless, Inc.*, No. 2:13-CV-01681-KJM-EFB, 2013 WL 5718937, at *5 (E.D. Cal. Oct. 15, 2013) (citing *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 1001 (9th Cir.1987)).

The plaintiff's cause of action must be "tethered to fundamental policies that are delineated in constitutional or statutory provisions." *Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1377 (2015) (quoting *Gantt v. Sentry Ins.* 1 Cal. 4th 1083, 1095 (1992)). Additionally, the public policy at issue must be one that affects "society at large rather than a purely personal or proprietary interest of the plaintiff or employer" and it "must be substantial, fundamental, and grounded in a statutory or constitutional provision." *Holmes v. Gen. Dynamics Corp.*, 17 Cal. App. 4th 1418, 1426 (1993). Further, "the policy must have been articulated at the time of the discharge." *Prue*, 242 Cal. App. 4th at 1378.

The plaintiff must plead: "(1) the existence of an employer-employee relationship; (2) termination of the employee's employment; (3) a 'nexus' between the termination and the employee's protected activity; (4) legal causation; and (5) damage to the employee." *Wright*, 2013 WL 5718937, at *5 (E.D. Cal. Oct. 15, 2013) (citing *Holmes,* 17 Cal. App. 4th at 1426 n. 8).

"Claims of wrongful termination in violation of public policy generally fall into one of four categories: the employee was terminated because (1) he refused to violate a statute; (2) he performed a statutory obligation; (3) he exercised a constitutional or statutory right or privilege; or (4) he reported a statutory violation for the public's benefit." *Keshe*, 2016 WL 1367702, at *4

The Court has determined Plaintiff fails to state claims under FEHA for discrimination based on her age, race or color, or medical condition, and therefore she has not sufficiently alleged her termination violated public policy in relation to these protected characteristics. *Alejandro v. ST Micro Elecs., Inc.*, 178 F. Supp. 3d 850, 866 (N.D. Cal. Apr. 8, 2016). Further,

the Court has determined Plaintiff's claim based on her union activity is preempted. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for wrongful termination in violation of public policy based on Plaintiff's age, race or color, medical condition, and union activities.

Plaintiff, however, does allege facts sufficient to state a claim under FEHA for discrimination based on her religion and so may maintain her derivative claim for wrongful termination based on her claim of discrimination due to her religion. *Ayala,* 2017 WL 2833401 at *14 (finding that the plaintiff adequately pled her FEHA claims and so could maintain her derivative claims for wrongful termination). Accordingly, the Court DENIES Defendant's motion for judgment on the pleadings as to Plaintiff's claim for wrongful termination in violation of public policy based on her religion.

### C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against her because she engaged in "such protected activities as practicing her religion and being a member of other protected groups" and "was an active member of the CFT union representing other Resident Advisors at [SJCC], which also constitutes a protected activity." (ECF No. 19-1 ¶¶ 84–85.) Defendant argues Plaintiff fails to show causation between Plaintiff's termination and any protected activity, and any claim Defendant retaliated against her based on her union activity is preempted. (ECF No. 19 at 14.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 20 at 6.)

To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1042.

Plaintiff does not allege she engaged in any protected activity, such as opposing practices

10

forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Further, any claim for retaliation based on union activities would be preempted by the NLRA and subject to the exclusive jurisdiction of NLRB. Plaintiff has not alleged facts sufficient to support the first element of her retaliation claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim.

> D. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Plaintiff alleges Defendant "failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination" and terminated her employment, even though Defendant "knew of Plaintiff's protected characteristics and also knew Plaintiff planned to continue in her career with [SJCC]." (ECF No. 19-1 ¶¶ 94, 96.) Defendant argues FEHA's Section 12940(k) does not give litigants a private cause of action for a stand-alone claim for failure to prevent discrimination. (ECF No. 19 at 14–16.) Defendant cites the Fair Employment and Housing Commission's ("FEHC") decision in *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding "there cannot be a claim [by a private litigant] for failure to prevent discrimination without a valid claim for discrimination"). (ECF No. 19 at 14–16.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 20 at 6.)

FEHA forbids an employer failing "to take all reasonable steps necessary to prevent discrimination and harassment . . . from occurring." CAL. GOV'T CODE § 12940(k). To state a claim for failure to prevent discrimination, a plaintiff must show (1) she was subjected to discrimination; (2) defendant failed to take all reasonable steps to prevent the discrimination; and (3) this failure caused plaintiff to suffer injury, damage, loss or harm. *Achal*, 114 F. Supp. 3d at 804 (citing *Lelaind v. City & Cnty. of San Fran.,* 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)). "Termination from employment is an injury sufficient to support recovery under a section 12940(k) failure to prevent discrimination claim." *Id.* (citing *Gemini Aluminum Corp.,* 122 Cal. App. 4th 1004, 1025 (2004). "No liability can arise for failing to take necessary steps to prevent

11

discrimination, however, except where discriminatory conduct actually took place and was not prevented." *Id.* (citing *Trujillo v. N. Cnty. Transit Dist.,* 63 Cal. App. 4th 280, 289 (1998) ("[T]he statutory language [does not] support[ ] recovery on such a private right of action where there has been a specific factual finding that no such discrimination or harassment actually occurred.").)

As discussed, Plaintiff does not allege facts sufficient to state a claim for discrimination based on age, race or color, or medical condition, so Plaintiff's derivative claim for failure to prevent discrimination fails in relation to those claims. *Ayala*, 2017 WL 2833401 at *8 (finding the plaintiff did not allege sufficient facts to support the existence of a discriminatory motive and so had not adequately pled her claims for discrimination and failure to prevent discrimination).

Plaintiff does allege facts to support an inference that Defendant was aware of the alleged religious discrimination and did not take action to stop her termination. Plaintiff alleges she met with Defendant and explained she was on a break at the time she was supposedly sleeping on the job, that it was her regular habit and known to Defendant, and that she immediately acknowledged her manager at the time of the incident showing she was not asleep. (ECF No. 19-1 ¶¶ 18–22.) These allegations support a plausible inference Defendant discriminated against Plaintiff on the basis of religion and did not take all reasonable measures to prevent the discrimination, and that this discriminatory conduct was a "substantial factor" in her termination. *Achal*, 114 F. Supp. 3d at 804–05 (finding the plaintiff's pleading was sufficient to infer pretext where the plaintiff alleged the defendant claimed it fired him for causing his own disability, but the defendant did not conduct any independent investigation before termination). Plaintiff alleges sufficient facts to support her religious discrimination claim and, therefore, has "adequately pleaded the requisite foundation of discrimination required for a section 12940(k) claim" related to religious discrimination. *Id.*

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for failure to prevent discrimination based on age, race and color, and disability, and DENIES the motion as to Plaintiff's discrimination claim based on religion.

///

///

E. <u>Failure to Accommodate in Violation of California Government Code § 12940(m)</u>

Plaintiff alleges Defendant was "aware of Plaintiff's medical condition related to her [d]iabetes and knew that Plaintiff requested accommodation" but "failed to accommodate her." (ECF No. 19-1 ¶¶ 105–06.) Defendant argues Plaintiff does not allege sufficient facts to support this claim, such as whether and how Plaintiff could perform essential job functions, what specific accommodations were available to her, or that she requested any accommodation. (ECF No. 19 at 16.) Plaintiff states the facts alleged are sufficient. (ECF No. 20 at 6.)

To state a claim for failure to accommodate, a plaintiff must show: (1) she suffered from a disability covered by FEHA; (2) she was otherwise qualified to do her job; and (3) the defendant failed to reasonably accommodate her disability. *Mohsin*, 2016 WL 4126721, at *4; *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000). "To face liability under section 12940(m), an employer must have been aware of the employee's disability." *Achal*, 114 F. Supp. 3d at 799 (citing *King v. United Parcel Serv., Inc.,* 152 Cal. App. 4th 426, 443 (2007). "An employee cannot demand clairvoyance of his employer." *King,* 152 Cal. App. 4th at 443.

Plaintiff's statements that Defendant was aware of Plaintiff's medical condition, knew that she requested accommodation, and failed to accommodate her are conclusory, recitations of elements. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged any facts to support her conclusions. Plaintiff has not alleged facts sufficient to support a plausible inference Defendant was aware of her need for accommodation, so the Court need not analyze the other elements of Plaintiff's claim. Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to accommodate claim.

F. <u>Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)</u>

Plaintiff alleges Defendant was aware of Plaintiff's diabetes "but failed to engage in a timely, good-faith, interactive process with Plaintiff to determine effective reasonable accommodations." (ECF No. 19-1 ¶ 114.) Defendant argues Plaintiff does not allege sufficient facts to support her claim, such as with whom she discussed her disability or request for

accommodation, or the specific accommodation requested.  (ECF No. 19 at 17.)  Plaintiff states the facts alleged "are sufficient to support all of the causes of action."  (ECF No. 20 at 6.)

"FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800.  "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id*. at 799 (citing *Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir. 2001)).

Plaintiff states Defendant was aware of Plaintiff's diabetes and failed to engage in the interactive process.  (ECF No. 19-1 ¶ 114.)  Plaintiff's allegations are recitations of elements.  *See Iqbal*, 556 U.S. at 678.  Plaintiff, however, has not alleged any facts to support her conclusions Defendant was aware of her diabetes or her need for accommodation, or failed to engage in the interactive process.  Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to engage in the interactive process claim.

### G.  Intentional Infliction of Emotional Distress

Plaintiff alleges Defendant knew of Plaintiff's protected characteristics, but terminated Plaintiff's employment "with the intent to cause emotional distress or with reckless disregard of the probability" of doing so.  (ECF No. 19-1 ¶¶ 120–21.)  Defendant argues Plaintiff's claim fails as a matter of law because Plaintiff's allegations with respect to intentional infliction of emotional distress relate to personnel management activities, which cannot constitute "extreme and outrageous conduct," a required element of this claim.  (ECF No. 19 at 17–18.)

To state a claim for intentional infliction of emotional distress, a plaintiff must show, among other things, "extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009).  Extreme and outrageous conduct must "exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–51.  "Whether a defendant's conduct can reasonably be found to be [extreme and] outrageous is a question of law that must initially be determined by the court." *Berkley v. Dowds*, 152 Cal. App. 4th 518, 534 (2007).

14

"A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." *Janken v. GM Hughes Electrs.,* 46 Cal. App. 4th 55, 80 (1996). "Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society." *Id*. Personnel management activity includes, "hiring and firing, job or project assignments, office or work station assignment, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off." *Id*. at 64–65.

Plaintiff alleges Defendant terminated her employment despite Defendant's knowledge of Plaintiff's protected characteristics. (ECF No. 19-1 ¶ 121.) Plaintiff has not alleged any facts that are outside Defendant's employment and supervisory duties. The action Plaintiff does allege — making a firing decision — is an activity California courts have expressly found constitutes personnel management activity. *Janken,* 46 Cal. App. 4th at 64–65.

Accordingly, the Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim.

### IV. LEAVE TO AMEND

Courts have the discretion in appropriate cases to grant a Rule 12(c) motion with leave to amend, or to simply grant dismissal of the action instead of entry of judgment. *See Lonberg,* 300 F. Supp. 2d at 945; *Carmen,* 982 F. Supp. at 1401. The Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V. CONCLUSION

Accordingly, for the reasons detailed above, IT IS HEREBY ORDERED that:

1. The Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claims for discrimination based on age, race and color, and disability;
2. The Court DENIES Defendant's motion for judgment on the pleadings as to Plaintiff's claim for discrimination based on her religion;
3. The Court GRANTS Defendant's motion for judgment on the pleadings as to

Plaintiff's claim for wrongful termination in violation of public policy based on Plaintiff's age, race or color, medical condition, and union activities; and the Court DENIES Defendant's motion for judgment on the pleadings as to Plaintiff's claim for wrongful termination in violation of public policy based on her religion;

4. The Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's retaliation claim;

5. The Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's claim for failure to prevent discrimination based on age, race and color, and disability; and the Court DENIES Defendant's motion for judgment on the pleadings as to Plaintiff's claim for failure to prevent discrimination based on religion;

6. The Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to accommodate claim;

7. The Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's failure to engage in the interactive process claim;

8. The Court GRANTS Defendant's motion for judgment on the pleadings as to Plaintiff's intentional infliction of emotional distress claim; and

9. Plaintiff is GRANTED leave to amend within thirty (30) days of this Order.

IT IS SO ORDERED.

Dated: October 3, 2017

Troy L. Nunley
United States District Judge