UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIENVENIDA VILORIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>　　　　　Defendant. | No. 2:16-cv-00314-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 27.) Plaintiff Bienvenida Viloria ("Plaintiff") opposes the motion. (ECF No. 28.) Defendant has filed a reply. (ECF No. 30.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss, (ECF No. 27).

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was hired in 2004 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"), a career development facility that offers assistance to at-risk young adults. (ECF No. 26 ¶¶ 9, 10.) Plaintiff states she generally worked the graveyard shift and describes her duties as counseling students and maintaining clean and safe living conditions. (ECF No. 26 ¶ 11.) Plaintiff alleges during her tenure she had no disciplinary history and worked "with support and praise from her supervisors for many years." (ECF No. 26 ¶ 12.) Plaintiff states she is a "dark-skinned, Asian American of Filipina descent," over 40 years old, who was diagnosed with diabetes, and was active in her labor union. (ECF No. 26 ¶¶ 13, 47, 56, & 68.)

In February 2014, Defendant became the new managing corporation of SJCC. (ECF No. 26 ¶ 22.) Plaintiff alleges Defendant announced "it would evaluate and interview [SJCC] employees to continue in their positions." (ECF No. 26 ¶ 23.) Plaintiff alleges she interviewed for her position and Defendant rehired her "to continue as a Residential Advisor in March 2014." (ECF No. 26 ¶ 24.) Plaintiff alleges she then notified Defendant "she was religious and often used her break periods as a time to pray" and "that she had diabetes that could impact her blood sugar and require medical appointments and other care in certain circumstances if not carefully monitored." (ECF No. 26 ¶ 25.)

Plaintiff alleges that in July 2014, Plaintiff's supervisor accused her of sleeping during a shift. (ECF No. 26 ¶ 26.) Plaintiff alleges she was actually praying at the time. (ECF No. 26 ¶ 26.) Plaintiff alleges she informed Defendant she had not been sleeping and was aware of a single incident where her supervisor observed her "at her desk with her eyes closed for approximately one minute." (ECF No. 26 ¶ 27.) Plaintiff alleges she explained "her eyes were closed for a brief period because it was part of her well-known practice to pray each night during her break periods" and "she had acknowledged her supervisor's presence immediately" and so could not have been asleep. (ECF No. 26 ¶¶ 28–29.)

Plaintiff alleges Defendant then immediately terminated her employment. (ECF No. 26 ¶ 30.) Plaintiff alleges Defendant terminated her employment "without any written warning or opportunity to advance through progressive discipline." (ECF No. 26 ¶ 31.) Plaintiff alleges this

termination process was "handled incorrectly under the terms of the collective bargaining agreement with" the labor union. (ECF No. 26 ¶ 32.)

Plaintiff alleges she noted "other [SJCC] employees who were younger and of other races were given more favorable treatment" and received "promotions to positions previously held by older, minority employees." (ECF No. 26 ¶ 35.) Plaintiff alleges after Defendant terminated her she discovered Defendant was hiring "employees with equal or lesser experience…for similar Advisor positions[.]" (ECF No. 26 ¶ 40.)

Plaintiff filed a complaint in the Superior Court of Sacramento County. (ECF No. 19-1 at 4.) Defendant answered the complaint and then removed the case to this Court on the basis of diversity jurisdiction. (ECF No. 1 at 1; ECF No. 1-1 at 27–36.) Defendant moved for judgment on the pleadings for failure to state a claim. (ECF No. 19 at 8.) This Court denied Defendant's motion as to Plaintiff's claims for discrimination based on her religion, wrongful termination based on her religion, and failure to prevent discrimination based on her religion, and granted the motion as to all other claims with leave to amend. (ECF No. 25 at 15–16.)

Plaintiff filed her First Amended Complaint, dropping her claim for intentional infliction of emotional distress, but re-alleging the same remaining claims for violations of the California Fair Employment and Housing Act ("FEHA") and common law. (ECF No. 26 ¶¶ 45–132.) Defendants now move to dismiss Plaintiff's claims for failure to state a claim, except the claims related to religious discrimination this Court already determined in its October 3, 2017 Order that Plaintiff sufficiently pled. (ECF No. 27 at 5–13.)

II.     **STANDARD OF LAW**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*,

3

373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

///

4

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III. ANALYSIS**

Defendant argues Plaintiff still fails to plead sufficient facts to support the claims this Court previously dismissed. (ECF No. 27 at 5–13.)

    A.    <u>Discrimination in Violation of California Government Code § 12940(a)</u>

Plaintiff alleges Defendant discriminated against her because of her age, race and color, and medical condition or disability. (ECF No. 26 ¶¶ 49, 61, & 70.) To state a claim for discrimination under FEHA, a plaintiff must allege facts sufficient to show he or she suffered an adverse employment action and the employer acted with a discriminatory motive. *Ayala v. Frito Lay, Inc.*, 2017 WL 2833401, at *7 (E.D. Cal. June 30, 2017) (citing *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1242 (9th Cir. 2013)). A plaintiff can demonstrate discriminatory motive by showing "other similarly situated employees outside of the protected class were treated more favorably." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. July 14, 2015).

Plaintiff alleges she was a member of protected classes because she was over 40 years old, diagnosed with diabetes, "dark-skinned, Asian American of Filipina descent." (ECF No. 26 ¶¶ 47, 56, & 68.) Plaintiff's allegations Defendant acted because of her age, race or color, or medical condition, however, are recitations of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts related to these characteristics beyond the fact that she possesses these characteristics, and so does not allege facts sufficient to support a reasonable inference Defendant

acted *because* of her age, race or color, or medical condition. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. Jan. 11, 2017) (finding the plaintiff did not allege facts sufficient to infer age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004) (finding African American plaintiff alleged failure to promote based on race by showing the employer transferred a white manager into the position rather than by promoting any of the interviewees).

Plaintiff alleges she noted "other [SJCC] employees who were younger and of other races were given more favorable treatment" and received "promotions to positions previously held by older, minority employees." (ECF No. 26 ¶ 35.) Plaintiff does not allege facts to support these conclusions. *Iqbal*, 556 U.S. at 678 (stating "recitals" of elements, "supported by mere conclusory statements, do not suffice"). Plaintiff does not allege the employees were hired into the Residential Advisor position Plaintiff held. *McGinest*, 360 F.3d at 1122. Plaintiff does not explain how any differences in treatment among other SJCC employees who are not Plaintiff relate to her claims.

Plaintiff alleges after Defendant terminated her she discovered Defendant was hiring "employees with equal or lesser experience…for similar Advisor positions[.]" (ECF No. 26 ¶ 40.) Plaintiff has not alleged the employees hired into "similar Advisor positions" were not members of the same protected classes as Plaintiff, i.e. that they were of different ages, races or colors, or did not have medical conditions or disabilities. *See Achal*, 114 F. Supp. 3d at 800.

Plaintiff has not alleged facts sufficient to support a plausible inference Defendant terminated her employment because of her age, race or color, or medical condition or disability. Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's discrimination claims based on Plaintiff's age, race or color, and medical condition or disability.

B. <u>Wrongful Termination in Violation of Public Policy</u>

Plaintiff alleges Defendant wrongfully terminated her employment based on a "pretextual allegation." (ECF No. 26 ¶ 88.) To state a claim for wrongful discharge in violation of public policy, a plaintiff must allege, among other things, that the employer's termination of the

6

plaintiff's employment was substantially motivated by a violation of public policy. *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014). Plaintiff does not allege facts sufficient to support her claims for discrimination based on age, race or color, or disability, so her derivative claim for wrongful termination in violation of public policy based on her age, race or color, or disability fails. *See Tumblin v. USA Waste of Cal., Inc.*, 2016 WL 3922044, at *8 (C.D. Cal. July 20, 2016). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's wrongful termination claims based on Plaintiff's age, race or color, and disability. *Alejandro v. ST Micro Elecs., Inc.*, 178 F. Supp. 3d 850, 866 (N.D. Cal. Apr. 8, 2016).

### C. Retaliation in Violation of California Government Code § 12940(h)

Plaintiff alleges Defendant retaliated against her because she engaged in "such protected activities as practicing her religion and being a member of other protected groups." (ECF No. 26 ¶ 99.) To establish a claim for retaliation under FEHA Section 12940(h), a plaintiff must show "(1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1041 (2005); *Ayala*, 2017 WL 2833401, at *12. A "protected activity" under Section 12940(h) means an employee "opposed any practices forbidden under [FEHA] or . . . filed a complaint, testified, or assisted in any proceeding under [FEHA]." CAL. GOV'T CODE § 12940(h); *Yanowitz*, 36 Cal. 4th at 1041.

Plaintiff does not allege she engaged in, or Defendant retaliated against her for, protected activity as defined by § 12940(h), such as opposing practices forbidden under FEHA, filing a complaint, testifying, or assisting in any proceeding under FEHA. Plaintiff's allegations Defendant fired her for "practicing her religion" or for "being a member of other protected groups" assert claims for discrimination not for retaliation, which requires a plaintiff to have opposed an activity forbidden under FEHA by filing a complaint, testifying, or assisting in a proceeding. CAL. GOV'T CODE § 12940(h).

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's retaliation claims.

///

D. Failure to Prevent Discrimination in Violation of California Government Code § 12940(k)

Plaintiff alleges Defendant "failed to take 'all reasonable steps necessary' to prevent its employees from engaging in discrimination" and terminated her employment, even though Defendant "knew of Plaintiff's protected characteristics and also knew Plaintiff planned to continue in her career with [SJCC]." (ECF No. 26 ¶¶ 108, 110.) FEHA's § 12940(k) does not give private litigants a private cause of action for a stand-alone claim for failure to prevent discrimination as an independent statutory violation. *In the Matter of the Accusation of the Dep't Fair Empl. & Hous. v. Lyddan Law Group (Williams)*, FEHC Dec. No. 10-04-P, at *12 (Oct. 19, 2010) (holding there cannot be a claim by a private litigant for failure to prevent discrimination without a valid claim for discrimination). As discussed above, Plaintiff has not alleged facts sufficient to state a claim for discrimination based on age, race or color, medical condition or disability, so Plaintiff's derivative claim for failure to prevent discrimination on those bases fails. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to prevent discrimination based on Plaintiff's age, race or color, medical condition or disability.

E. Failure to Accommodate in Violation of California Government Code § 12940(m)

Plaintiff alleges Defendant was "aware of Plaintiff's medical condition related to her [d]iabetes and knew that Plaintiff requested accommodation" but "failed to accommodate her." (ECF No. 26 ¶¶ 119–20.) To state a claim for failure to accommodate, a plaintiff must show: (1) she suffered from a disability covered by FEHA; (2) she was otherwise qualified to do her job; and (3) the defendant failed to reasonably accommodate her disability. *Mohsin v. Cal. Dep't of Water Res.*, 2016 WL 4126721, at *4 (E.D. Cal. Aug. 3, 2016); *see also Jensen v. Wells Fargo Bank*, 85 Cal. App. 4th 245, 256 (2000).

Plaintiff alleges that when she returned to work "she explained to management she had diabetes that could impact her blood sugar and require medical appointments and other care in certain circumstances if not carefully monitored." (ECF No. 26 ¶ 25.) Plaintiff has alleged facts sufficient to show she informed Defendant she may require an accommodation in the future due

to her medical condition.

Plaintiff's statements Defendant knew Plaintiff requested accommodation and failed to accommodate her, however, are conclusory, recitations of elements. *See Iqbal*, 556 U.S. at 678. Plaintiff does not allege any facts to support an inference she required or requested accommodation. Rather, Plaintiff alleges she informed Defendant she may require accommodation in the future if certain conditions were met. Plaintiff has not alleged facts to support an inference she required accommodation or Defendant failed to accommodate her. *Steiner v. Verizon Wireless*, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014) (granting the defendant's motion to dismiss an ADA claim for failure to accommodate where the plaintiff alleged the defendant failed to accommodate her but did not plead facts to support each element, such as what accommodation she requested, and whether and why the request was denied). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to accommodate.

      F.      <u>Failure to Engage in the Interactive Process in Violation of California Government Code § 12940(n)</u>

Plaintiff alleges Defendant "was aware of Plaintiff's Diabetes but failed to engage in a timely, good-faith, interactive process with Plaintiff to determine effective reasonable accommodations." (ECF No. 26 ¶ 128.) "FEHA imposes on employers a mandatory obligation to engage in the interactive process once an employee requests an accommodation for his or her disability, or when the employer itself recognizes the need for one." *Achal*, 114 F. Supp. 3d at 800. "Ordinarily, an employee is responsible for requesting accommodation for his or her disability, unless the employer itself recognizes that an employee has a need for such accommodation." *Id*. at 799 (citing *Brown v. Lucky Stores,* 246 F.3d 1182, 1188 (9th Cir. 2001)). "An employee cannot demand clairvoyance of his employer." *King v. United Parcel Serv., Inc.,* 152 Cal. App. 4th 426, 443 (2007).

Plaintiff has not alleged she required or requested accommodation, only that she notified Defendant she may require accommodation in the future for medical appointments and care if her diabetes was not carefully monitored. (ECF No. 26 ¶ 25.) Plaintiff has not alleged refusal, or any

9

negative reaction, by Defendant. *Cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089–90 (9th Cir. 2002) (the plaintiff informed the employer on his application that he was hearing impaired and said during the interview he would have done better with a sign language interpreter but the defendant did not provide an interpreter or allow him to read the interview questions).

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to engage in the interactive process.

### IV.     LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal citation omitted). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

Plaintiff has had two opportunities to allege facts sufficient to support these claims and has not done so. This Court provided detailed analysis in its order on Defendant's motion for judgment on the pleadings about the deficiencies of the original complaint and granted leave to amend. (ECF No. 25.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, with prejudice, as to Plaintiff's claims for:

1. Discrimination based on age, race and color, and disability;
2. Wrongful termination based on age, race or color, and disability;
3. Retaliation;
4. Failure to prevent discrimination based on age, race and color, and disability;
5. Failure to accommodate; and

6. Failure to engage in the interactive process.

IT IS SO ORDERED.

Dated: September 14, 2018

Troy L. Nunley
United States District Judge